**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
MAR. 10, 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| SHAUN RUSHING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-204 (UNA) |
| ) | |
| DEPARTMENT OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a "Lawsuit 4 count," ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 3. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the Court in determining whether it has jurisdiction over the subject matter.

Plaintiff is a resident of Grand Rapids, Michigan, who has sued the Department of Defense (DOD) for "110 Trillion dollars." In the one-page pleading, Plaintiff concludes that DOD discriminated against him. He then shifts, alleging that he "has been arrested and sent to Jail on many occasions" and was "wrongfully bound over to adult court" when he was "14 or 15 years old[.]" Plaintiff has not stated the basis of federal court jurisdiction, which alone warrants dismissal of the case. Regardless, a complaint, such as here, that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated[.]" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotation marks and citations omitted). Consequently, this action will be dismissed. A separate order accompanies this Memorandum Opinion.

_____/s/_____
AMIT P. MEHTA
United States District Judge

Date: March 10, 2022